## KENNEDY v. JOSEPH U. MOORE, INC.
### Case No. 84-16398
Thirteenth Judicial Circuit, Hillsborough County

May 7, 1985

### APPEARANCES OF COUNSEL

**James M. Landis** and **John J. Cunningham, Jr., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A.,** for plaintiff.

**Stanley H. Eleff, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A.,** for defendant.

### OPINION OF THE COURT

### PARTIAL SUMMARY JUDGMENT

JOHN M. GILBERT, Circuit Judge.

This cause came on for consideration on April 15, 1985 upon Plaintiff, E. Paul Kennedy, Jr.'s ("Kennedy") Motion for Summary Judgment as to Count II against Defendant, Joseph U. Moore, Inc. ("Moore"). The only issue presently before the Court is whether the clause in Paragraph Nine of Kennedy's Employment Agreement with Moore which states that ". . . Kennedy will not for a period of five (5) years thereafter directly, either as an individual, employee, agent, partner or otherwise . . . accept the customers, trade, or insurance business of Employer" is void and unenforceable. The remaining points in Kennedy's Motion for Summary Judgment are still pending before the Court. The Court having reviewed the matters of record and heard

argument of counsel and being otherwise fully advised, it finds as follows:

1. Kennedy and Moore entered into an Employment Agreement in 1976. Kennedy was employed by Moore as a general insurance agent in Moore's Tampa office until October 1, 1984 when he was terminated.

2. Kennedy is presently employed as a general agent by Suncoast Insurance Associates, Inc., a company engaged in the insurance and surety bond business.

3. Paragraph Nine of Kennedy's Employment Agreement with Moore provides:

9. Non-competition.

In the event of termination of this agreement for any reason, or in the event Kennedy should leave the employ of Employer, or no longer be employed by Employer for any reason whatsoever, including disability or retirement, it is agreed that *Kennedy will not for a period of five (5) years thereafter directly, either as an individual, employee, agent, partner or otherwise solicit or accept the customers, trade or insurance business of Employer*, or interfere with the policy contracts of Employer, nor assist or refer any such business to any other agency or person.

4. Fla. Stat. Section 542.33(1) provides that "Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void."

5. Fla. Stat. Section 542.33(2)(a) provides, in pertinent part, that "[O]ne who is employed as an agent or employee may agree with his employer, to [1] refrain from carrying on or engaging in a similar business [not an issue in this case - the Employment Agreement in question does not so prohibit Kennedy] and [2] from soliciting old customers of such employer [also not an issue here, but the Employment Agreement in question does provide for it] [3] within a reasonably limited time and area. [Not an issue at this time] . . . so long as such employer continues to carry on a like business therein."

6. Fla. Stat. Section 542.33(2)(a) does not include an exception to Fla. Stat. Section 542.33(1) for an agreement by an employee not to accept the customers, trade or business of his former employer while lawfully engaging in a similar business. Thus, the clause in Paragraph Nine of Kennedy's Employment Agreement with Moore which states that ". . . Kennedy will not for a period of five (5) years thereafter directly, either as an individual, employee, agent, partner or otherwise

**29**

. . . accept the customers, trade, or insurance business of Employer" is in violation of Fla. Stat. Section 542.33(1) and it is therefore, void and unenforceable and Kennedy is entitled to judgment as a matter of law. On the basis of these findings, it is thereupon,

ORDERED and ADJUDGED that Kennedy's Motion for Summary Judgment is partially granted and Partial Summary Judgment be and the same is hereby entered in favor of Kennedy and against Moore. It is further ORDERED and ADJUDGED that Kennedy, either as an individual, employee, agent, partner or otherwise, may accept the customers, trade or insurance business of Moore.